## GORHAM vs. IVES.

An action of slander may be brought for the charge of a crime, tho' not couched in direct and positive terms; the imputation of a crime may be as effectually made by way of interrogation as by an affirmative allegation.

DEMURRER to pleadings. The action is slander. In the commencement of the declaration it is averred that the defendant had become possessed of a promissory note, bearing date the 27th August, 1825, made by William Erwin and James Erwin, payable to William McMurray or order, for $51.84, payable four months after date, *with interest from*

If the words spoken, in connection with the circumstances of the case, leave no reasonable doubt that it was the intention of the defendant to impress upon the minds of the hearers the belief that a forgery had been committed by the plaintiff, an action lies.

date, (the latter words being interlined,) which had been endorsed to the plaintiff, and who had collected the amount. In the *second* count of the declaration it is alleged that in a certain discourse which the defendant had with Elias R. Parmelee and divers other citizens of and concerning the plaintiff, and of and concerning the note and the interlineation therein made, the defendant, after shewing the note, spoke and published these words : " The note is in Edward A. Cook's hand writing, and the words at the end of the note, ' with interest from date,' are, in a different hand writing ; the note has only passed through the hands of Cook, McMurray and Gorham, and these words must have been put there by one of them. The signers of the note say the words were put there since they signed, and I have shewn the note to a number of persons, Reid and others ;" and then addressing Elias R. Parmelee, proceeded : " Do not you think it is Gorham's hand writing ?" and that Parmelee having asked the plaintiff to explain himself, and what he meant, the defendant replied, " time will show." In the *third* count of the declaration it is alleged, that in a certain other discourse the defendant, after taking from his pocket the note set forth in the commencement of the declaration, and shewing the same to sundry citizens, spoke these words : " This note has been altered after it was signed ;" and on being asked by one of the by-standers if he knew by whom it had been done, he replied that " I do not, but I have shewn it to some persons, and they said that the addition at the end of the note was in Shubael Gorham's hand writing," and added, " that one of the signers would swear that the note that he signed was not written payable with interest, for he refused to sign such an one ;" and on being asked by one of the persons present, " if Gorham would commit forgery," the defendant, holding out the note, replied, " You can see for yourselves." To these counts the defendant *demurred.*

*H. P. Hunt,* for defendant. The words laid in the 2d and 3d counts are not actionable in themselves. (5 *Johns. R.* 188. 3 *Bos. & Pul.* 372. 3 *Starkie on Slander,* 57. 1 *Ventr.* 3. 3 *Leon.* 138.)

The innuendos are not justified by the words as laid : their office is not to enlarge, but to point the words. (1 *Saund.* 343, *n.* 4. 8 *Johns. R.* 109. 1 *Chitty's Pl.* 383. *Starkie on Slander*, 302. 6 *T. R.* 694.)

Those counts are defective on demurrer, though they might be considered good after verdict or motion in arrest of judgment. (3 *Cowen's R.* 237. 6 *id.* 76. *Starkie on Slander*, 44 to 56. *Id.* 310.)

The averment of the intent with which the words were spoken is (as this question is now presented) matter of law, and therefore not admitted by the demurrer. (*Starkie on Slander*, 44. *Hobart*, 46. 4 *Bac.* 131, *Demurrer, N.*)

*J. L. Viele*, for plaintiff, cited *Bacon's Abr. tit. Slander*, *B.* 4, 6, 1 *Rolle's Abr.* 66, 2 *Wils.* 87, *Cro. Eliz.* 348, 2 *Lev.* 150, *Ld. Raym.* 1185, to shew that the words were actionable, and insisted that if the court would consider those counts good after verdict, they would not prevent the cause from going to a jury for the purpose of letting them pass on the intent with which the words were spoken.

*By the Court,* SUTHERLAND, J. I am of opinion that both counts are good. The words used by the defendant necessarily imply, when taken in connection with the colloquium, that the words *with interest from date* had been forged and added to the note after its signature ; and the inquiry by the defendant in the 2d count of Parmelee, " If he did not think the addition was in Gorham's hand writing," and his declaration in the 3d count that he had shewed it to some persons who said "the addition was in Shubael Gorham's hand writing," leave no reasonable doubt that it was the intention of the defendant to impress upon the minds of the persons whom he addressed, the belief that the forgery had been committed by Gorham. The charge need not be couched in direct and positive terms. The imputation of crime may be as effectually made by way of interrogation as by an affirmative allegation. The only inquiry is whether, according to the natural and fair construction of the language used by the defendant, (taken in connection with the preliminary circumstances stated by way of colloquium,) the persons in whose pres-

ence and hearing the language was used had a right to be-lieve that it was the intention of the defendant to charge the plaintiff with the commission of a criminal offence. Such was obviously the intention of the defendant in this case.

Judgment for plaintiff on demurrer, with leave to defendant to plead on payment of costs.