Mr. Justice Elmer
delivered the opinion of the Court.*
The declaration contains five counts, to which the defendant filed a general and special demurrer.
The first count commencing in the usual form, sets forth in substance, that on the trial of a cause, in the court for the trial of small causes, before Zachariah Webster, Esq. justice of the peace in and for the county of Essex, and whereof he had jurisdiction, the plaintiff was sworn and examined as a witness, and testified, to a point material to the issue between the parties, and whilst he was then and there giving testimony as aforesaid, in the said cause, in a certain discourse which the defendant then and there had with the' plaintiff, of and concerning the plaintiff, in the presence and hearing of divers good and worthy citizens of this state, then and there in the presence and hearing of the said citizens, falsely and maliciously, spoke and published, to, of and concerning the plaintiff, these false, scandalous, malicious and defamatory words following, that is to say: “I” (meaning the said John T. Grant) “ believe you ” (meaning the said Isaac Cole) “swear false” (thereby meaning that be the said plaintiff, in giving his testimony as such witness as aforesaid, committed wilful and corrupt perjury.)
The second count represents'the same facts with regard to the 'plaintiff’s being sworn and examined as a witness, and whilst he was testifying to a point material to the issue between the parties in the cause &c. the defendant falsely and maliciously spoke and published &c. to, of and concerning the plaintiff, these other false, malicious &e. “ It” (meaning the testimony of the said Isaac Cole, then and there delivered, to the said court) “ is false what ” (meaning the testimony) “ you ” (meaning the plaintiff) “ say:” (meaning that the plaintiff in delivering his testimony as aforesaid, committed wilful and corrupt perjury.)
The third count alleges the same facts in relation to the plaintiff’s being sworn, and examined as a witness, and whilst he was testifying to a point material to the issue &c. in a certain other *329 discourse which the defendant then and there had, in the presence and hearing of divers other &c. the defendant falsely and maliciously &c. spoke and published, of and concerning the plaintiff, these other false, malicious &c.' “It” (meaning the testimony by the said Isaac Cole, then delivered to the said court) “ is false: ” thereby meaning that the plaintiff in giving his testimony in the said court as aforesaid, committed wilful and corrupt perjury.
The fourth count is like the third, laying the words spoken to be, “ That” (meaning the testimony of the plaintiff then delivered to the court) “ is false : ” meaning as in the third count.
The fifth is like the third and fourth counts, laying the words spoken to be, “ I ” (meaning the defendant) “ believe it ” (meaning the testimony which the plaintiff then delivered to the court) “is false;” meaning as aforesaid.
In the first and second counts, the words are alleged to have been spoken, to, of and concerning the plaintiff, whilst he was giving his testimony before the court.
In the third and fifth counts, they are alleged to have been spoken, of, and concerning the plaintiff, whilst giving his testimony.
The objections made to the declaration, are: The words spoken are not in themselves actionable, not amounting to a charge of peí jury; and they are not alleged to have been spoken of and concerning the plaintiff, and of and concerning the testimony given by him in the cause, before the justice.
The first charge is, “ I believe you swear falso.” The second, “ It is false what you say.” The third, “ It is false.” The fourth, “ That is false.” The fifth, “ I believe it is false.”
These words are not of themselves actionable ; none of them necessarily imply a charge of perjury; yet they are actionable if there be a colloquium, concerning a proceeding in a court of competent jurisdiction, and the words are alleged to have been spoken in reference to that proceeding, and impute to the plaintiff a criminal offence. 8 East Rep. 431; 2 Johns. Rep. 10; 1 Chitty’s Pleadings, 382; 8 Johns. Rep. 109.
A simple allegation of false swearing is insufficient to convey the charge of perjury. There is nothing in the words to connect with them, the idea of a judicial oath, more than any other; *330 therefore it must be averred, that the oath was taken in a judicial proceeding, and show that the conversation had allusion to it. 19 Wend. Rep. 299.
This rule was conceded by the counsel for the defendant on the argument.- He admitted, if it appears by the declaration, that the words were spoken of the plaintiff, of and concerning the testimony given by him in the cause before Justice Webster, the declaration is good. It is not averred, in so many words, that the slanderous words were spoken, of and concerning the testimony given by the plaintiff. It .was nevertheless contended by the-counsel of plaintiff, that such is the necessary intendment, from the circumstances attending the charge : and because the words were spoken, whilst the plaintiff, was giving his testimony, before the court: and the defendant must have had reference to the testimony the plaintiff was then giving, when the defendant said to him : “ I believe you swear false.” It is false what you say.” So also, when the defendant was speaking to others, of and concerning the plaintiff, whilst he was giving his testimony, “ It is false." “ That is false.” “ I believe it is false.”
In cases where the words are not in themselves actionable, and can only be made so, by such averments in relation to extrinsic matters and the application of the words, as will show that the defendant imputed to the plaintiff a criminal offence, the usual mode of declaring is, to aver, in the first place the existence of these extrinsic facts,, by reference to which the words become actionable ; then, that the words spoken had relation to these facts: which part of the count is usually termed a colloquium : and lastly, by proper innuendoes, to point the application of the words to the previous averments in the count. In short, the plaintiff must so state his complaint, that it will appear from the declaration, supposing all the allegations to be true, that he has been charged with a crime. When this is done, the declaration will be sufficient, and whether in fact such charge was made, is to be determined by the jury. Andrews v. Woodmansie, 15 Wendall Rep. 234; 1 Chitty’s pleadings, 382.
The question arising upon the complaint set forth in the declaration, in the manner therein stated is, does it charge the plaintiff with a criminal offence. A person who will clothe his slanders in ambiguous ter ms,, under., the belief or expectation, that *331 he may avoid legal responsibility, cannot claim an indulgent construction of his words, either from the court or jury.
In the case of Peake v. Oldham, Cowp. 275, Lord Mansfield says, “ whore from their general import, the words appear to have been spoken with a view to defame a party, the court ought not to be industrious in putting a construction upon them different from what they bear in the common acceptation and meaning of them.”
In Demarest v. Haring, 6 Cowen, 76; the court say, “ the doctrine of construing words in mitiori sensu, has been exploded and a more rational rule now prevails ; that words are to be understood according to their plain and natural import; according to the ideas they are calculated to convey to those to whom they are addressed. Mr. Starkie in his treatise on slander, (p. 66,) states the rule as follows: both judges and juries shall understand words in the sense which the author intended to convey to the minds of the hearers, as evidenced by the whole circumstances of the case. It is the province of the jurors, where doubts arise, to decide whether the words were used maliciously and with a view to defame ; such being matter of fact from all concomitant circumstances ; and for the court to determine whether such words, taken in the malicious sense imputed* to them, can alone, or by the aid of the circumstances stated upon the record, form the legal basis of an action. Courts and juries will understand them in the same way that other people would.”
In Gahan v. Ives, 2 Wend. 534, the court say, “ the charge need not be couched in direct and positive terms. The imputation of crime may be as effectually made by way of interrogation, as by an affirmative allegation. The only inquiry is, whether, according to the natural and fair construction of the language used by the defendant, (taken in connection with the preliminary circumstances stated by way of colloquium,) the person, in whose presence and hearing, the language was used, had a right to believe that it was the intention of the defendant, to charge the plaintiff with the commission of a criminal of-fence.”
A charge of false swearing is actionable when it necessarily conveys to the mind of the hearer, an imputation of perjury. 11 Wend. Eep. 38.
*332 What is this case as disclosed by the declaration ? The plaintiff was called before Justice Webster, and was sworn to give evidence as a witness, in a cause depending before the Justice, whereof he had jurisdiction, and did give evidence to a point material to the issue between the litigant parties, and whilst he was so giving his testimony, the defendant accosted him, and declared in the presence and hearing of the court and the bystanders, “ I believe you swear false.” “ It is false what you say.” Can there be any doubt, that this charge had reference to the testimony the plaintiff was then giving to the court, and that his meaning was, the plaintiff had committed a criminal offence, involving moral turpitude, and would subject him to indictment? Could any one doubt, who heard the charge, that the defendant meant to say, and so to be understood, that the plaintiff had sworn falsely and committed perjury? Was not that the plain and natural import of the charge? And was not that the idea the charge was calculated to convey to the bystanders ? Can it admit of a rational doubt, that the persons then’present, would understand them as conveying a charge against the plaintiff of having sworn falsely or committed perjury, in the testimony he had just given to the court, in the (cause mentioned in the declaration : The inquiry is not, whether the words could have been understood in any other terms, but whether that is the construction which common persons would naturally put on them. 9 East Rep. 96; 3 Cowen, 231; 2 Green, 186.
The same may be said of the other counts. The allegation, that the words were spoken, to, and of and concerning the plaintiff, in the first two counts, and of and concerning the plaintiff, in the other counts, whilst he was giving his testimony in the cause, are in my apprehension equivalent to saying, that they were spoken of and concerning the testimony given by the plaintiff, in the cause; which averment it was admitted on the argument, and proved by the cases cited, would have been sufficient. The crime which the defendant intended to charge upon the plaintiff is as fully conveyed to the mind of the hearer, as if' he had been directly and in terms, charged with the commission of the of-fence of perjury.
The plaintiff is entitled to judgment upon the demurrer, with *333 costs, with leave for the defendant to plead to the declaration, upon payment of costs.
I am the more inclined to support this declaration, from the influence it may have to protect witnesses, and prevent scenes of disorder and confusion in courts for the trial of small causes.

Judgment for plaintiff.