Mr. Justice Smith
delivered the opinion of the court.
This was a writ of error to the circuit court of Holmes county. The note, which was the foundation of the suit, was made by Mobley, the plaintiff in error, to secure the purchase-money of a tract of land sold to him by Rutherford C. Land. At the time of the sale, Land executed a title-bond, conditioned-for the conveyance of the land in fee simple so soon as Mobley should pay the sum of money therein stipulated. The note was made for the money mentioned in the bond.
Three pleas were filed. To the second and third of which the demurrer of the plaintiff was sustained, and a judgment of *679 respondeat,ouster awarded. The defendant declining to answer over, a trial was had on the first, which resulted in a verdict and judgment for the defendants in error.
The second plea sets out the bond and its condition, and avers in substance that the defendant was ready and desirous of pay-, ing the money due on the note in suit, if the plaintiff or said vendee would make title to the land, pursuant to the terms of the title-bond, and that defendant had tendered to the attorney of the plaintiffs in this cause, the principal and interest due on the note if the said attorney or his principals would make, or cause to be made, a conveyance of the land, according to the intent and meaning of the said title-bond ;• that neither the attorney nor the plaintiffs did or would make the conveyance, and that the defendant was still ready and willing to pay the money, if the conveyance were made. The plea further averred, that the vendor had not, and never had, such title to the land as by the terms of his bond he was bound to convey, and that neither the plaintiffs nor said vendor could make such a title as defendant was entitled to demand.
The exception taken to this plea on the ground of duplicity, is not tenable. We are precluded by the statute, (Hutch. Dig. 875, § 64,) from regarding the alleged objectionable quality of this plea. The defect was not “ specially alleged in the demurrer or the causes thereof,” and was not “ so essential to the action or defence that judgment, according to law and the very right of the cause, could not be given.” It was a defect of form, and not of substance. Gould’s PI. 467, § 18.
“When the payment and conveyance are to be simultaneous acts, then there must be an existing capacity in the one who is to convey, to give a good title; but where the payment is to precede the conveyance, it is no excuse for non-payment that there is not a present existing capacity to convey a good title, unless the party whose duty it is to pay, offers to do so, on receiving a good title, and then it must be made to him-” Robb v. Montgomery, 20 John. R. 15 ; Sage v. Ranney, 2 Wend. 534. Hence, if the offer of the defendant below to the attorney of the plaintiffs, to pay the money on receiving a conveyance according to *680 the bond, was sufficient to put the plaintiffs in default, the plea presented a valid defence, although the contract of the vendee to pay was independent of the obligation of the vendor to convey; and if the covenants in the case were dependent, the plea was a good bar to the action.
It will perhaps be necessary to examine only the latter proposition. There is no doubt as to the rules applicable to dependent and independent covenants. There is, however, not unfrequently difficulty in determining the construction which is to be placed upon a contract, to decide whether the rights and obligations of the coritracting parties are concurrent or independent. In the case of Sage v. Ranney, cited above from 2 Wendell, the stipulation in the deed was, .that the vendor should deliver the deed for the lot, “ when and as soon ” as the vendee should pay in full the note given to secure the .purchase-price. The covenants there were holden to be independent. In the case of Leftwich v. Coleman, 3 How. 167, the stipulation in the agreement was, that the vendor should make a deed for the land, so soon as the purchaser should pay the note given for the price. The contract of the vendee in that case to pay, was decided by this court to be independent of the obligation to make a conveyance.' It is obvious that the stipulation in the title-bond of the. case at bar is identical with the terms of the agreement in that, case. But the more recent decisions of this court would seem to have overruled the authority of the case in 3 Howard. In the case of Pequens v. Mosby, 7 S. & M. 340, the stipulation of the bond for titles was to this effect,— that if the vendee should make or cause to be'made, a good and lawful deed of conveyance of .the land, when the last, note, given for the. purchase-money, should become due and was paid. In this case the covenant to pay the money was holden to be concurrent and dependent upon the covenant, to convey. And in the case of Wadlington v. Hill, the purchase-money for the land was to be paid in instalments. On the payment of the second, the conveyance was to be made. The stipulation in the agreement was in these words: “On the payment of the last mentioned suni of fi-ve thousand dollars, the said Wadlington agrees to execute to said Hill good *681 and sufficient title,” &c. In thát case the contracts of the parties were holden to be dependent. In the case of Stockton v. George, which was decided before either of the above cited cases, the same construction is given to a stipulation in a bond in no essential respect different from the covenants of the parties in those cases. The case of Stockton v. George, was an action of debt on a bond in the usual form, with condition to be void “ if Stockton should make title to the land, when George should pay him the sum of four hundred dollars.”
There can be no sensible distinction drawn, between an agreement to make title when the money is paid, or an agreement to convey on the payment of a specified sum of money; or an agreement to convey when a specified note should become due and was paid • and the stipulation of the bond under examination, to convey “ so soon as ” the money was paid. But if there be any perceptible difference between the terms here used and those which were the subjects of adjudication in the cases cited, it must be conceded that the stipulation to convey so soon as the money should be paid, is more indicative of the intention of the parties to the contract, that acts to be performed were to be concurrent and simultaneous, than a condition to make titles when a note should fall due and the money was fully paid. The decisions in these cases must be regarded as settling the construction to be placed on the covenants in the case at bar.
° ' Hence as the plea shows that the vendee, neither at the time of the contract of purchase and sale, nor at the time of the commencement of the action, had a subsisting and operative title to the land, the court erfed in sustaining the demurrer.
As on this ground the judgment must be reversed, and a new trial granted, it is unnecessary to notice the exception to the plea as a plea of tender.