Hillsborough, }
Dec. 31, 1903. }

### GENDRON *v.* ST. PIERRE.

Where a declaration contains two counts, it is to be presumed that a general verdict for the plaintiff was rendered upon evidence introduced upon both of them, in the absence of a certificate from the trial court showing the contrary; and if a demurrer should have been sustained as to either count, the verdict must be set aside.

A count in slander which alleges the substance or effect of the language complained of, without setting out the words themselves, is bad upon demurrer.

CASE, for slanderous words. Trial at the May term, 1903, of the superior court before *Pike*, J., who found a verdict for the plaintiff.

In the first count of the declaration, the alleged slanderous words are set out. The second count is as follows: "And the plaintiff in fact further says that afterwards, to wit, on said twenty-ninth day of October, 1900, at said Manchester, in certain other discourse which the said defendant then and there had with divers other good citizens of this state of and concerning the plaintiff, the said defendant, with the malicious contrivance and intention aforesaid and for the several purposes aforesaid, did falsely and maliciously, openly, and publicly charge the plaintiff with neglect of his wife, while sick, and to such an extent that she died in consequence of such neglect; that she was willfully neglected by said plaintiff so that she might die, and that he might receive the life insurance money, upon her death, when in fact there was no insurance upon her life. By reason of the speaking of said false, scandalous, and malicious words and of said false and malicious charge, the plaintiff has been brought into great infamy and contempt among his fellow-citizens and neighbors, and has been much injured in his good name and reputation, and has suffered great anxiety of mind." The defendant's demurrer was overruled, subject to exception.

*Andrews & Andrews* and *Edwin F. Jones*, for the plaintiff.

*John P. Bartlett* and *John G. Crawford*, for the defendant.

BINGHAM, J.  In the superior court the demurrer to the declaration was overruled, subject to the defendant's exception.  Instead of entering judgment upon the demurrer, the parties were ordered to trial and a verdict was rendered for the plaintiff.  The declaration contained two counts (*Tenney* v. *Clement*, 10 N. H. 52, 53, 54) ; and as the verdict was general, it is to be presumed, in the absence of a certificate from the trial court showing the contrary, that the verdict was ordered upon evidence introduced upon both counts.  If, then, the demurrer should have been sustained as to either count, the verdict must be set aside, the same as it would be were the case here on a motion in arrest of judgment, instead of upon demurrer.  *Glines* v. *Smith*, 48 N. H. 259, 268 ; *Peabody* v. *Kingsley*, 40 N. H. 416 ; *Atkinson* v. *Scammon*, 22 N. H. 40, 43 ; *Parsons* v. *Bellows*, 6 N. H. 289, 292 ; *Blanchard* v. *Fisk*, 2 N. H. 398, 400.

The words alleged to have been spoken concerning the plaintiff in the first count are set out.  But the second count is general ; no words are set out.  It is there alleged that at a different time and " in certain other discourse " the defendant charged " the plaintiff with neglect of his wife, while sick, and to such an extent that she died in consequence of such neglect ; that she was willfully neglected by said plaintiff so that she might die, and that he might receive the life insurance money, upon her death."  Such a count in an action for slander is bad.  While as a general rule matters and things are to be pleaded according to their legal effect or operation, and not according to their terms or form, still in declarations for slander there is an exception which requires the pleader to set out the words themselves ; it is not sufficient to allege the substance or effect of the language used.  Steph. Pl. 341, 342.  Starkie S. & L., *s.* 425.

The first case in this state in which the question was considered is *Parsons* v. *Bellows*, *supra*.  There the declaration contained several counts, but in one of them the words in which the alleged charge was made were not set out.  In that count the allegation was that the defendant, in a certain discourse which he had with divers persons of and concerning the plaintiff, falsely and maliciously charged the plaintiff with the crime of theft ; and it was held that " in a count for slander by words, the words themselves must be set out, and be set out, if it be required to make them intelligible, with proper innuendoes and a sufficient explanation " ; that the count was insufficient ; and, as the verdict had been taken on all the counts, that the judgment should be arrested.  See, also,

*Bassett* v. *Spofford*, 11 N. H. 127, 128; *Smart* v. *Blanchard*, 42 N. H. 137, 150.

Whether the words set out in the first count charge a crime involving infamous punishment (*State* v. *Greenleaf*, 71 N. H. 606, 611; *Queen* v. *Instan*, [1893] 1 Q. B. 450), and an intention to so charge is the only meaning that can be reasonably given to them, so that no averment or inuendo to that effect is necessary (*Robinson* v. *Keyser*, 22 N. H. 323; *Noyes* v. *Hall*, 62 N. H. 594, 595), or whether they may bear a different meaning, necessitating an averment or inuendo showing the specific meaning with which they were spoken, we do not now decide. *Harris* v. *Burley*, 8 N. H. 256.; *Atkinson* v. *Scammon*, *supra*; *Sturtevant* v. *Root*, 27 N. H. 69; *Edgerly* v. *Swain*, 32 N. H. 478, 481; *Gorham* v. *Ives*, 2 Wend. 534; *Gibson* v. *Williams*, 4 Wend. 320; *Beehler* v. *Steever*, 2 Whart. 313; *Dottarer* v. *Bushey*, 16 Pa. St. 204, 209; *Stich* v. *Wisedome*, 1 Cro. Eliz. 348; Starkie S. & L., ss. 434–448. Before another trial is had the declaration may be amended, rendering such an inquiry of no value.

*Verdict set aside.*

All concurred.