■ RALPH LUTZ, Respondent, v JAMES R. WATSON et al., Appellants.—Order unanimously modified on the law and as modified, affirmed without costs, in accordance with the fol-

lowing memorandum: The complaint against defendants Marhatta and Mazzo should have been dismissed in its entirety. Nothing in the record supports a cause of action for malicious prosecution or slander against either of them. Deputy Mazzo's sole involvement was in helping to execute a search warrant. Sergeant Marhatta also assisted in executing the search warrant and, in addition, prepared an affidavit in which he stated that he had been in touch with South Carolina authorities to confirm that a 20-inch Craftsman chain saw had been reported stolen. There is thus no basis for the imposition of liability against either of those defendants.

With respect to defendant Watson, the court properly found that there are triable issues on the causes of action for malicious prosecution and slander thus precluding the entry of summary judgment. Although Watson procured a warrant for plaintiff's arrest and that raises a presumption that there was probable cause for the prosecution of the charge *(see, Broughton v State of New York,* 37 NY2d 451, 455-458, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929), it cannot be determined on this record whether he misrepresented the facts or omitted certain material facts in preparing the information on which the warrant was based. The information did not reveal that there was a discrepancy in size between the saw which had been seized from plaintiff and that which had been reported stolen. Since there is evidence that the officers were aware of the size discrepancy, there is a triable question whether Watson misrepresented the facts to the court. Additionally, the record suggests that the court may not have been informed that the police had obtained a receipt showing that plaintiff had purchased the saw at Sears. That presents a further question whether there was, in fact, probable cause and whether the court would have issued the warrant had it been informed of those facts.

Watson contends that he is entitled to summary judgment on the slander claims because the complaint fails to allege special damages; because the words alleged in the sixth cause of action did not concern plaintiff; because asking a question cannot constitute defamation; and because he had a qualified privilege to make the statements in the course of a good-faith investigation of plaintiff. Those contentions are without merit. The three utterances allegedly made by Watson impute criminal activity to plaintiff and thus are slanderous per se, and do not require an allegation of special damages *(see generally,* 43-44 NY Jur 2d, Defamation and Privacy, §§ 3-4, 167). The utterance in plaintiff's fourth cause of action accused plaintiff

of sodomizing minors, the statement in the fifth cause of action accused him of selling drugs and the statement in plaintiff's sixth cause of action accused plaintiff of complicity in or solicitation of theft. In view of the statement in the sixth cause of action, "You are stealing products for Ralph," defendant's argument that such statement was not "of or concerning" plaintiff is without merit. With respect to Watson's contention that the alleged statements are not defamatory because they were in the form of questions, there is no support for that argument. The form of the language used is not controlling and a defamatory meaning may be conveyed by means of a question *(see, e.g., Meaney v Loew's Hotels,* 29 AD2d 850, 851, and authorities cited therein; *see generally,* Prosser and Keeton, Torts § 111, at 780 [5th ed 1984]). Finally, there is no merit to Watson's contention that his statements were qualifiedly privileged. Although Watson claims that he was engaged in a good-faith investigation of plaintiff, there is nothing in the record to establish that Watson received information that plaintiff molested young boys, solicited them to steal for him, or supplied them with drugs. Watson may be able to introduce proof at trial that there was a basis for these remarks but, at this juncture, he has failed to carry his burden of establishing that he is entitled to judgment as a matter of law. (Appeal from order of Supreme Court, Monroe County, Patlow, J.—summary judgment.) Present—Dillon, P. J., Denman, Boomer, Pine and Lawton, JJ.