5 How. 171–*See* 6 How. 99.

## SUPREME COURT.

### Pike agt. Van Wormer.

Several causes of action in slander can not be united in the same complaint, unless they are *separately stated*.

*It seems* that the *separate statement* of a cause of action, is equivalent to a *separate count*, under the former rules of pleading.

The words, " you have passed counterfeit money," &c., without any colloquium or averment, alleging a guilty knowledge and intention to defraud, will not sustain an action.

The words "you are a bogus peddler," without any averment showing the meaning of the term, are not actionable.

Words imputing that the plaintiff had had the pox, but without asserting the present continuance of the disease, and without alleging special damages, are not actionable.

*Schenectady Special Term, Nov.* 1850.    This was a demurrer to a complaint in an action of slander.    The pleadings are sufficiently stated in the opinion of the court.

J. C. Wright, *for Plaintiff.*

—— McChesney, *for Defendant.*

Willard, Justice.—The complaint in this case charges that the defendant, on the first day of May 1848, and on divers other days and times before that time and the commencement of this suit, at the town of Princetown in Schenectady county, and at the town of Guilderland in Albany county, maliciously spoke, uttered and published *to,* and of and concerning the said plaintiff the following false, slanderous and defamatory words.    It then details three or four sets of words addressed *to,* the plaintiff and the like number spoken *of* him.    The words relate to different subjects matter, and will be presently noticed.    Each set of words appears to be a distinct cause of action, but they are all united in the same complaint, without being divided into separate counts or statements.

The defendant has demurred to so much of the complaint as imputes the speaking of the words referred to in the demurrer.

Before considering the questions which the parties have discussed under the demurrer, it will not be out of place to advert to other questions which were directly involved and which might have been raised.

I. The complaint is bad because it unites several causes of action, without stating them *separately.*    The 167th section of the Code lays down the rule with respect to joinder in the same complaint of several causes of action.    The causes of action, so united must all belong to the same *class,* of which the Code specifies seven; they must affect all the parties to the action; they must not require different places of trial; *and they must be separately stated.*    I had occasion to consider this subject in Durkee vs. The S. and W. Rail Road (4 *How. Pr. R.* 226), and will not repeat what was then said.    *The separate statement of a cause of action,* and the separate counts of a declaration, are equivalent expres-

sions. The necessity of having each stated by itself in a different count, is as imperative, under the Code as under the former mode of pleading. By stating each separately, confusion is avoided, a definite issue can be framed on each cause of action, and the action can be more conveniently tried. All good pleaders under the Code, imitate the former mode of separating the pleading into as many *separate statements* or *counts* as there are causes of action. In the present case there are at least four causes of action jumbled together. The words spoken at Princetown *to* the plaintiff must be a different cause of action from that created by the words spoken *to* him at Guilderland. Each of these must be different from the words spoken *of* the plaintiff at the said places respectively. Indeed a far greater number of causes of action are alleged, but *four* is the smallest number to which they can be reduced.

Had the defendant demurred to the whole complaint for the reason that several causes of action were improperly united, as he might have done by § 144 sub. 5, he would have been entitled to judgment according to the case of Durkee vs. S. and W. Rail Road, *supra*. Several causes of action are improperly united, where they are not *separately stated* as required by § 167.

II. Under the former practice, the defendant would have been entitled to judgment on this demurrer, though for a different ground of objection, than those stated by him in his special demurrer. By the 145th section of the Code, this practice is changed, and unless the demurrer distinctly specifies the grounds of objection to the complaint, it may be disregarded. It may be taken to the whole complaint, *or to any of the alleged causes of action stated therein.* This shows that each cause of action should be fully stated by itself, as in a separate count.

The defendant in this case, has not stated as the ground of his demurrer, the improper uniting of several causes of action, and for that reason, judgment can not be given for him, for that defect in the complaint.

III. But the part of the complaint to which he has demurred, is set out; and if that part contains no cause of action, the defendant must be entitled to judgment.

The first words objected to, as insufficient are, "you have passed counterfeit money;" "you are a bogus peddler." "You have passed counterfeit money to G. L., G. P., and J. Q. C.," giving the names. "He passed bogus money." "He passed ten dollars of bogus money to" &c. The first objection assigned in the demurrer is, that there are not facts enough stated to constitute a cause of action. The second objection is that no guilty knowledge is imputed to the defendant; and third, the money is not stated to have been passed upon any consideration received, with intent to have it passed, or with intent to defraud.

There is no colloquium in the complaint to point the meaning of the words; and no inuendo, or averment; and no special damages are alleged. There is nothing but the naked charge, as above stated.

The 164th section of the Code does not affect the present question. That section merely dispensed with the allegation of extrinsic facts, showing the *application of the words to the plaintiff*, in order to obviate the difficulty which was supposed to have been occasioned by the decision of the Supreme Court in Miller vs. Maxwell (16 *Wend.* 9). It does not dispense with the necessity of an averment or inuendo, when they become essential to show *the meaning of the words themselves*. In these respects the rules of pleading remain unaltered.

The rule with respect to verbal slander is thus stated by Starkie (*vol.* 1, *p.* 37, *Wendell's ed*), after reviewing the English authorities: "the words must impute some crime or misdemeanor, for which corporeal punishment may be inflicted in a temporal court, or they will not be actionable, without proof of special damage." The rule adopted in this state, at an early day, was thus stated by SPENCER, J., in Moshier vs. Coffin (5 *J. R.* 188): "Upon the fullest consideration we are inclined to adopt this as the safest rule, and one which, as we think, is warranted by the cases; in case the charge is true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, the words will be in themselves actionable." This rule has been ever since followed

Pike agt. Van Wormer.

in this state (13 *J. R.* 124; *id.* 275; 19 do. 367; 3 *Hill*, 22; 4 *Barbour S. C. R.* 504).

In accordance with this doctrine it has been held that words like this: "You swore false;" "you took a false oath;" "he swore false, before Esquire Andrews;" "he swore to a lie;" will not sustain an action unless the declaration contains a colloquium showing that the words referred to a trial or other legal proceeding (Vaughan vs. Havens, 8 *J. R.* 109; Chapman vs. Smith, 13 *J. R.* 78; Stafford vs. Green. 1 *J. R.* 505; Ward vs. Clark, 2 *J. R.* 10). The reason is, that the words, standing alone, do not, as matter of law, impute a crime punishable in a temporal court. A man may swear false without having taken an oath in any court; and he may swear false in a court of record, in a point not material, without incurring the guilt of perjury. There is no hardship in requiring the plaintiff to state in his complaint those circumstances which point the meaning of the words, and the intention of the speaker. These are issuable facts as may be seen by the case of Cruikshank vs. Gray (20 *J. R.* 344). The fact that the Code dispenses with the averment of extrinsic facts, heretofore necessary to point the application of the words to the plaintiff (*Code*, § 164), justifies the inference, that in other respects, the rule formerly prevailing, remains unchanged.

Testing the complaint by the foregoing rules of pleading, it does not contain a cause of action. The mere passing of counterfeit money, without a knowledge of its quality, and without an intention to defraud, is not criminal. The court can not say, as matter of law that the words in this case impute a crime. No adjudged case has been cited, in which these words, standing alone, have been held actionable; and the contrary has been held in Mississippi, in direct terms (Church vs. Bridgman, 6 *Miss.*, 190).

The words "bogus peddler," do not necessarily impute any crime   The term has no fixed legal meaning.   Whether a *bogus peddler* is one who deals in counterfeit money or wooden nutmegs, or in tin ware, is uncertain. The words have not acquired by usage such certain signification as to enable the court to say as matter

Pike agt. Van Wormer.

of law, that they designate a man engaged in a business which the law denounces as criminal. I grant that words may acquire a sense different from their natural import; or words, apparently harmless, may by usage come to convey to the mind the imputation of a definite offence. But in all such cases, the fact that the words impart such meaning, should be averred by the pleader; and also, that they were so understood by the hearer. When words are spoken in a foreign language, it must be averred that the hearers understood such language ( 1 *Saund.* 242, *n.*; 3 *Wend.* 394). The meaning of the words thus became a subject of evidence, and must be passed upon by the jury. So, also, when the words are equivocal or uncertain, there must be an appropriate colloquium and averments, which are the subject of proof ( Goodwin vs. Wolcott 3 *Cowen* 231; *S. C. in Error,* 5 *do.* 714 ; Gorham vs. Ives, 2 *Wend.* 534 ; Gibson vs. Williams, 4 *do.* 320; Woolnoth vs. Meadows, 5 *East.* 463). Testing the complaint by these principles it is bad. The words, as charged, do not impute any crime to the plaintiff, and there is no averment or colloquium under which the application of the words could be pointed by proof of extrinsic evidence.

The remaining part of the complaint seeks to recover damages for charging that the plaintiff, at some former period had had the pox. The demurrer assigns for cause that the words do not impute that the disease was contagious, or that the plaintiff had the disease at the time the words were spoken, and that no special damage is alleged. It is unnecessary to repeat the disgusting language which the defendant is said to have uttered. It was all used in the past tense, and none of it imputed that the plaintiff was, at the present time, afflicted with that disease. No special damage is alleged in the complaint. It is clearly bad, and the demurrer is well taken ( 1 *Starkie on Slander,* *Wend.* ed. 99, et seq.

Judgment for the defendant on the demurrer, with leave to the plaintiff to amend on payment of twenty-one dollars costs.