JOHN ATWINGER, Defendant in Error, *v.* JOHN FELLNER, Plaintiff in Error.

1. *Practice, civil — Slander — Action for, need not state what.*—A petition in an action for slander is not fatally defective, under the present statute (2 Wagn. Stat. 1020, § 43), because it contains no allegation that the slanderous words were uttered in the presence of any one, or, being spoken in a foreign language, that they were understood by those present.

*Error to First District Court.*

*Johnson & Budd*, for plaintiff in error.

I. In a petition for words spoken it is necessary to aver that they were spoken in the presence of some person. (1 Stark. on Slander, 360; Sto. 70; 2 Mod. 41; Cro. Eliz. 861; Moss v. Thacker, 2 Lev. 193; Wood v. Gilchrist, 1 Code Rep. 117; 3. How. Pr. 406; Burbank v. Horn, 39 Me. 233; Bradshaw v. Perdue, 12 Ga. 510; Ware v. Cartledge, 24 Ala. 622; Townsh.

on Sland. and Lib., § 324; Burton v. Burton, 3 Greenl., Iowa, 316; 1 Chit. Pl. 406–8; 2 Chit. Pl. 633–41; Nash's Pl. and Pr. 50, 215; 3 N. Y. Pr. 91.)

II. If the words be spoken in a foreign language, an averment is necessary to show that the hearers understood them; and if such averment is not made, the judgment may be arrested. (Cro. Eliz. 396, 496, 865; Cro. Jac. 39; Cro. Cur. 199; Noy, 59; Golds, 119; 8 Mod. 328; 1 Sandf. 342, note 1; Viner's Abr., tit. Actions for Words; Danv. Abr. 146; Fleetwood v. Curley, Hob. 267; Amann v. Damm, 8 C. B., N. S., 597; 1 Stark. on Sland. 361; Heard on Sland., § 210; Townsh. on Sland. and Lib., § 324; Wormouth v. Cramer, 3 Wend. 395; Lettmann v. Ritz, 3 Sandf. 734; Zeig v. Ort, 3 Chandler, 26; 2 Greenl. Ev., § 414, note 7; Debaix v. Leland, 1 C. R., N. S., 325; 1 Chit. Pl. 406–8; Bechtel v. Shatler, Wright, 107; 9 Bac. Abr. 60–4; 1 Swain's Pr. Prec. 556, note *l*, 583.)

III. The provision of the statute dispensing with the necessity of stating in a petition any extrinsic facts, for the purpose of showing the application to plaintiff of the defamatory matter out of which the cause of action arose (2 Wagn. Stat. 1020, § 43, note; N. Y. Code of Pr., § 164), applies only to such extrinsic facts as are necessary to show the application, but not to such facts as are necessary to show a publication of the words and the defamatory meaning of them. This provision was adopted in order to obviate the difficulty which was supposed to have been occasioned by the decision in Muller v. Maxwell, 16 Wend. 9. (Pike v. Van Wormer, 5 How. Pr. 171; Pike v. Van Wormer, 6 How. Pr. 99; Fry v. Bennett, 5 Sandf. 54; 9 N. Y. Leg. Abs. 330; 1 Code Rep., N. S., 238; Caldwell v. Raymond, 2 Abb. Pr. 193; Blaisdell v. Raymond, 4 Abb. Pr. 446; Culver v. Van Anden, *id.* 375; Dias v. Short, 16 How. Pr. 322; Nash's Pl. and Pr. 50, 215; Fry v. Bennett, 1 Code Rep., N. S., 247.)

IV. The case of Steiber v. Wensel, 19 Mo. 513, has no application to the question raised here. Neither has the form in which the petition is drawn ever received legislative sanction. (Bowling v. McFarland, 38 Mo. 465.) The case of Keene v. Ruff, 1 Iowa, 482, was a case of libel, and not in point.

---

---

*Ewing & Smith*, for defendant in error.

The petition is as prescribed by the code, and is sufficient. (2 Wagn. Stat. 1397 ; Steiber v. Wensel, 19 Mo. 513.)

WAGNER, Judge, delivered the opinion of the court.

The motion in arrest brings up for our determination the sufficiency of the petition. The action was for slander, and the petition alleged that the defendant spoke in the German language the false and slanderous words of and concerning the plaintiff. There was no allegation that the words were uttered in the presence of any one, or that they were understood by those present. The petition was in substantial compliance with the code, and no objection was made to it; but an answer was filed containing a denial of the facts stated, and after verdict a motion in arrest of judgment was made.

Whether there was any fatal defect, so that the motion in arrest should have been sustained, is the sole matter for inquiry. The statute of this State provides that "in an action for libel or slander it shall not be necessary to state in the petition any extrinsic facts, for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose, but it shall be sufficient to state generally that the same was published or spoken of and concerning the plaintiff; and if such allegation be not controverted in the answer, it shall not be necessary to prove it on the trial; in other cases it shall be necessary." (2 Wagn. Stat. 1020, § 43.) This section received a judicial construction in the case of Steiber v. Wensel, 19 Mo. 513, and it was there held that the form of petition adopted in this case was good under the code. The petition in the case of Steiber v. Wensel alleged that the defendant spoke, in the German language, of and concerning the plaintiff, Mrs. Steiber, false and slanderous words, naming them, and it contained no other material averments. A demurrer was filed and overruled, and, after verdict for plaintiff, a motion in arrest of judgment was made and also overruled; and on appeal to this court the judgment was affirmed, Judge Gamble delivering the

opinion. The two cases are precisely parallel, and the decision we regard as conclusive.

In Indiana they have a similar statute, and the court of that State has construed it in the same way. (Guard v. Risk, 11 Ind. 156.) Previously to our statutory provision on the subject, the petition would have been undoubtedly bad, as, under the common-law system of pleading, it was necessary to allege that the defendant spoke the words in the presence and hearing of divers persons; and if the words spoken were in a foreign language, it was necessary to aver that the persons present understood them. But according to the construction placed upon the code, these averments are now dispensed with.

Judgment affirmed. Judge Currier concurs; Judge Bliss absent.