FRANCIS DENT. Respondent, *v.* STEPHEN VINCENT RYAN, Appellant.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Bill of particulars. Slander.*—In an action for slander, the plaintiff should not be ordered to furnish a bill of particulars of the names of the persons in whose presence the alleged slanderous words are claimed to have been uttered.

Appeal from order denying defendant's motion for a bill of particulars giving the names of the persons in whose presence the slanderous and defamatory words charged in the complaint were uttered.

*Le Roy Parker*, for appellant.

*Francis Dent*, respondent in person.

BARNARD, P. J.—The complaint is for slander. There is no place stated therein where the slander was uttered and there is no time stated other and further than an averment that the utterance was made " about the 1st of June, 1887, and subsequently at divers times."

The papers show that an order was made for a more particular statement of the times and places where the slanders were spoken. By the bill furnished under this order no very definite information was given. The words were charged to have been uttered " about the first of June, 1887, in the city of Buffalo ; about the end of June, 1887, in the town of Little Valley, of the county of Cattaraugus, and state of New York; about the beginning of July, 1887, at the city of Buffalo ; about the middle of November, 1887, in the city

of Buffalo ; about the beginning of December, 1887, in the city of New York and Brooklyn ; on the day of defendant's return from Europe or the day after, in the spring of 1888, in the city of New York, and about the middle of September, 1888, in the city of New York. "

Another order was made requiring the plaintiff to give a sworn statement of the particular times and places in New York, Buffalo, Brooklyn and Little Valley, when and where the alleged words were spoken.

The defendant asked that the names of the witnesses be given, and this was denied. The appeal is from this refusal. The refusal was proper. The particular times and places in each of these cities will definitely inform the defendant of the claims of the plaintiff. It would be unjust to compel the plaintiff by a bill of particulars to select such of the witnesses as were present, and abide by their evidence on the trial, for this would be the effect of a bill of particulars which should name the witnesses he intended to cite to support his claim. In Dwight *v.* Germania Life Insurance Co., 84 N. Y. 493, the court of appeals seems to imply that a bill of particulars, which called for a disclosure of the evidence, whether oral or written, and the names of the persons who would give the oral testimony, would not be ordered.

The part of the order appealed from should, therefore, be affirmed, with costs and disbursements.

PRATT, J., concurs ; DYKMAN, J., not sitting.