JUSTUS W. JOHNSON, Appellant, v. WADE H. BUSH, Respondent.

St. Louis Court of Appeals, December 8, 1914.

1. **LIBEL AND SLANDER: Slander Per Se.** A charge that a person is a thief is slanderous *per se*.

2. ————: **Pleading: Petition.** In view of. Sec. 1837, R. S. 1909, it is not necessary, in an action for slander, that the petition set out the names of the persons in whose presence the slanderous words were uttered, or that they were understood by those present.

3. ————: ————: ————. A petition, in an action for slander, which alleges that, on a certain date named and in a certain city named, defendant spoke certain slanderous words of and concerning plaintiff, is sufficiently definite and certain as to the place where the words were spoken.

4. ————: ————: ————. In view of Secs. 1818 and 1837, R. S. 1909, a petition, in an action for slander, which sets out the slanderous words and alleges that they were spoken at a named time and place, cannot be required to be made more definite and certain by setting out the circumstances under which defendant spoke them.

5. **PLEADING: Pleading Evidence.** In view of Sec. 1818, R. S. 1909, it is error to require a petition to be made more definite and certain by setting out matters of evidence.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

REVERSED AND REMANDED.

*George W. Wadlow* and *John A. Blevins* for appellant.

(1) Defendant's motion to make the amended petition more definite and certain should have been overruled. Sec. 1837, R. S. Mo. 1909; Atwinger v. Fellner, 46 Mo. 276. (2) Defendant cannot by motion to make more definite and certain require plaintiff to furnish the evidence upon which plaintiff expects to prove his case. Sec. 1818, R. S. Mo. 1909.

*S. T. G. Smith* for respondent.

NORTONI, J.—This is a suit for damages said to have accrued on account of an alleged slander. The court sustained defendant's motion to make the petition more definite and certain and this he declined to do. Thereupon the court dismissed the case and plaintiff prosecutes the appeal.

The petition is as follows:

"Plaintiff in this, his amended petition, leave to file the same being first had and obtained, for his cause of action, states that the defendant on or about the 6th day of January, 1911, at the city of St. Louis, Missouri, wilfully, wantonly and maliciously spoke of and concerning plaintiff in the presence and hearing of divers persons, certain false, defamatory and slanderous words, to-wit: 'He' (meaning plaintiff) 'is a thief, a rascal, a scoundrel, a damned hound,' thereby charging and intending to charge plaintiff of the crime of larceny and of dishonesty whereby plaintiff has

been greatly injured in his good name and fame, to his damage in the sum of five thousand dollars, for which he prays judgment.''

Defendant's motion so sustained by the court, requiring the petition to be made more definite and certain, invoked an order that plaintiff be compelled to state the names of the persons to whom, or in whose presence, the slanderous words were uttered; also the circumstances under which defendant spoke the alleged slanderous words and the place where the same were spoken. So much of the alleged slander above set forth as charges plaintiff with being a thief is, of course, slanderous *per se*. [See Bridgman v. Armer, 57 Mo. App. 528; Johnson v. Dicken, 25 Mo. 580.] It appears from the context of the words used and as set out in the petition that they all form a part of one conversation in which defendant charged plaintiff with being a thief.

Our statute (Sec. 1837, R. S. 1909) provides as follows: ''In an action for libel or slander, it shall not be necessary to state in the petition any extrinsic facts, for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose, but it shall be sufficient to state, generally, that the same was published or spoken concerning the plaintiff; and if such allegation be not controverted in the answer, it shall not be necessary to prove it on the trial; in other cases it shall be necessary.''

Under this statute it has been expressly decided that it is not necessary for plaintiff to set forth the names of the persons in whose presence the words were uttered, or that they were understood by those present. [See Atwinger v. Fellner, 46 Mo. 276; see also Guard v. Risk, 11 Ind. 156.] It is true in both of the cases cited the question was presented after verdict on the petition, but the rule is declared the same where the slanderous words are actionable *per*

*se* when the question is raised, as here, on a motion to make more definite and certain. [See Marks v. Jacobs, 76 Ind. 216.] Indeed, the statute above copied says that it shall be sufficient to state generally the fact that the words were published or spoken concerning the plaintiff. [See, also, 25 Cyc. 446.]

Touching the matter of requiring the petition to be made more definite and certain by stating the place where the slanderous words were spoken, the averment seems to be sufficient, for it is expressly alleged the slander was uttered at the city of St. Louis, Missouri, and the date is given as on January 6, 1911. This will suffice. [See Dent v. Ryan, 8 N. Y. Supp. 806.]

The requirement that the petition be made more definite and certain by setting forth the circumstances under which defendant spoke the alleged slanderous words, not only in a measure impinges the spirit of the statute above quoted, which provides that it shall not be necessary to set forth any extrinsic facts for the purpose of showing the application to plaintiff of the defamatory matter, but seems more particularly to run counter to section 1818, Revised Statutes 1909, which provides that no party shall be required to state evidence in his pleading.

We regard the petition sufficiently definite, when considered in connection with the statutes touching the subject-matter, and the motion to make more specific should have been overruled.

The authorities apparently holding a contrary view on the question in judgment are not persuasive here, for they proceed on a statute requiring a bill of particulars in every case when it is called for in order to advise the party, as was ruled in Tilton v. Beecher, 59 N. Y. 176, and see its application in Stiebeling v. Lockhaus, 21 Hun (N. Y.) 457. We have no such statute in this State and the rule flowing from it is without influence.

The judgment is, therefore reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.