SUSAN C. MCCARTY vs. CHARLES M. COFFIN.

Essex.    November 1, 1892. — December 6, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Breach of Promise of Marriage — Evidence.*

In an action for breach of a promise of marriage, evidence that, before the plaintiff's acquaintance with the defendant, she "had had an intimacy with several different men," is rightly excluded, although evidence of the plaintiff's reputation for unchastity is admitted.

CONTRACT for breach of a promise of a marriage. Answer, a general denial.

At the trial in the Superior Court, before *Bond*, J., evidence was introduced tending to prove the alleged promise of marriage, and there was also evidence tending to disprove the promise. The defendant then offered evidence that, before the plaintiff's acquaintance with the defendant, she had had an intimacy with several different men. This evidence was excluded; and the defendant excepted. Evidence of the reputation of the plaintiff for unchastity was admitted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*N. C. Bartlett*, for the defendant.

*W. S. Peters*, for the plaintiff.

KNOWLTON, J. The ruling excepted to was made on the defendant's offer of evidence. The offer was merely to show that the plaintiff "had had an intimacy with several different men." There was no offer to prove criminality; and the word "intimacy" means nothing more than close and familiar acquaintance. The defendant, in his argument, concedes that this is the proper interpretation of his offer, and we have no occasion to consider whether, in a case of this kind, upon the question of damages, or of liability, it would ever be competent to show that the plaintiff had previously been guilty of acts of criminal intercourse with other men.

We do not see how the fact that a plaintiff, in a suit for a breach of a marriage contract, had been familiarly acquainted

with other men, would have any tendency to show, either that the defendant did or did not make the contract declared on, or, if he did, that her damages on account of his breach of it would be less or more than if she had never had such an acquaintance.

Nor does it make any difference that the offer was made in connection with the introduction of evidence that she was of bad reputation in regard to chastity. Such intimacy would not be competent to prove that she was in fact unchaste, nor as tending to strengthen the evidence of reputation. It is a general rule that particular acts are not admissible to sustain an attack upon character. *Parkhurst* v. *Ketchum,* 6 Allen, 406.

We are of opinion that the evidence was rightly excluded.

*Exceptions overruled.*