MRS. JACOB L. ARNOLD, Appellee, v. MRS. JOHN LUTZ, Appellant.

Slander and libel: SLANDER *per se.* If used in a defamatory sense the statement that plaintiff, a married woman, was too intimate with the hired man is slanderous *per se,* although the word "intimate" is capable of use in an innocent sense.

Same: EVIDENCE: INSTRUCTION. Persons to whom alleged slanderous words were spoken may testify as to the sense in which they understood the words to be used; and the jury is to determine whether the words were used in a defamatory sense.

Instructions: SEPARATE COUNTS. Usually it is better to instruct upon separate counts in separate instructions, but where the evidence and instructions are direct and brief and the result is not confusing, a single instruction treating of both counts is not a matter of which complaint may be made.

*Appeal from Story District Court.*—Hon. R. M. Wright, Judge.

Saturday, March 13, 1909.

This is an action for slander. Judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*E. H. Addison* and *B. B. Welty,* for appellant.

*U. S. Alderman* and *Fitchpatrick & McCall,* for appellee.

Evans, C. J.—The plaintiff brought her action in two counts. In the first, with proper *innuendo,* she charges the publication by defendant of the following alleged slanderous language: "Mrs. Arnold is too intimate with the hired man." In the second count she charges the publication of the following slanderous language: "Mrs. Arnold has been sleeping with the hired man." The first of these alleged slanders is charged to have been uttered on the 12th of June, 1906, and the second in the latter part of August or 1st of September of the same year. At the time of the publication of the alleged slanders the plaintiff was a married woman, living with her husband, who had in his employ a hired man. Plaintiff alleges in her petition that by the slanderous words set forth in each count the defendant intended to charge the plaintiff with having committed the crime of adultery with the said hired man. On the trial the plaintiff produced witnesses who testified in support of each count. Two witnesses testified that the defendant uttered in their presence the exact words set forth in the first count of the petition, and one witness testified that the defendant uttered in his presence the words charged in the second count of the petition, and on the date charged. A fourth witness testified that he worked

in defendant's family from February to December, 1906, and during that period he heard the defendant make the statement charged in count 2 of the petition. The defendant's principal complaint on appeal is that the words charged in the first count of the petition are not slanderous *per se,* and that, no special damages having been pleaded or proved, such count should not have been submitted to the jury. This objection was urged to the court below in the form of objections to evidence and exceptions to instructions. The contention is that the word "intimate" is capable of an innocent meaning, and that there is nothing in the record to justify a finding that it was used in any other sense by the defendant, and that if the same was in fact used in a defamatory sense, no recovery could be had without pleading and proving special damages.

The words under consideration were slanderous *per se,* if slanderous at all. Granted that the word "intimate" is capable of an innocent meaning, it is also capable of use in a defamatory sense. If the defendant intended its use in a defamatory sense, then it was defamatory and slanderous *per se.* *Collins v. Dispatch Co.,* 152 Pa. 187 (25 Atl. 546, 34 Am. St. Rep., 636); *Wilcox v. Moon,* 63 Vt. 481 (22 Atl. 80); *Craver v. Norton,* 114 Iowa, 46; *Wimer v. Allbaugh,* 78 Iowa, 79.

1. Slander and libel: slander per se.

The witnesses were permitted to testify to the conversation with defendant in which these words were spoken. They were also permitted to state the sense in which they understood them. To this evidence the defendant objected, and urges that the admission thereof was error. The ruling of the court was correct. *Barton v. Holmes,* 16 Iowa, 258; *Craver v. Norton* and *Wimer v. Allbaugh, supra.* In its instructions the court required the jury to determine whether the words were used in a defamatory sense. Such

2. Same: evidence: instruction.

instruction was not only proper, but necessary, under the rule already stated.

In the third instruction the court instructed briefly that the plaintiff must prove the material allegations of one cause of action or the other before she could be entitled to recover. In the eighth instruction the court instructed more .at .length as to what it was necessary for the plaintiff to prove in order to recover in each cause of action; but it covered both counts by the same instruction, and the defendant complains of this on the ground that it tended to bring one count to the support of the other, and to make proof of one corroborative of the other. While it is ordinarily true that clearness of statement is best attained by dealing with separate counts in separate instructions, this case presents no difficulty of that kind. The evidence was direct and very brief, and the ground to be covered by the instruction was very limited. The instruction was brief as it was. The coupling of the two counts did not result in confusion to any extent, and we see no meritorious ground of complaint for the defendant.

3. Instructions: separate counts.

We find no error in the record. The judgment below must be *affirmed.*