.HIRAM HARRY PLEASANTON and ANNA MARIE PLEASANTON, his wife, *vs.* FRANK KRONEMEIER and REBECCA KRONEMEIER, his wife.

1. TRIAL—ACTIONS—JURY QUESTIONS.

Where no evidence was offered in support of a count of a complaint, it cannot be submitted to the jury.

2. LIBEL AND SLANDER—WORDS ACTIONABLE PER SE—SPECIAL DAMAGES.

A defamatory statement that a female was a whore, not charging an indictable offense at common law or under the statute, is not actionable *per se*, without proof of malice or pecuniary damage.

(*January* 24, 1916.)

Judges CONRAD and HEISEL sitting.

*Julian C. Walker* for plaintiffs.

*Reuben Satterthwaite, Jr.*, for defendants.

Superior Court, New Castle County, January Term, 1916.

6

CAPIAS CASE FOR SLANDER, No. 82, May Term, 1915.

Action by Hiram H. Pleasanton and Anna M. Pleasanton, his wife, against Frank Kronemeier and Rebecca Kronemeier, his wife, for alleged slanderous words. Verdict directed for defendants.

The declaration contained two counts. After the inducement and colloquium, the first count laid the words spoken, as follows:

"She (meaning the said Anna Marie Pleasanton, the lawful wife of the said Hiram Harry Pleasanton, the plaintiffs above named) "is a whore, she came out of a whorehouse," meaning, etc.

The second count, as follows:

"She (meaning the said Anna Marie Pleasanton, the lawful wife of the said Hiram Harry Pleasanton, the plaintiffs as aforesaid) "is a sport, she has men running after her and she entertains men at her home in Odessa when her husband is away from home," meaning, etc.

The pleas were not guilty, release, and act of limitations.

At the conclusion of the testimony, counsel for defendants prayed for binding instructions for the reason:

That the words set forth in the narr. are not actionable *per se*, and as no special damages are alleged in the narr. the plaintiffs cannot recover; for in such case special damages must be pleaded and proved at the trial. *Kinney v. Hosea*, 3 *Harr.* 400; *Bennum v. Coursey*, 7 *Pennewill* 74, 76, 76 *Atl.* 53; *Donohoe v. Star Publishing Company*, 4 *Pennewill* 166, 184, 55 *Atl.* 337; *Kennedy v. Woodrow*, 6 *Houst.* 50; 25 *Cyc.* 317 and 454; *Newell on Slander and Libel*, 866 and 872.

For the plaintiff it was contended that the words declared upon are actionable in themselves, without any allegation or proof of special damages. The reputation of a female for chastity, by the common consent of mankind, is regarded with peculiar jealousy. *Newell on Slander and Libel*, 153, § 1; *Odgers, Libel and Slander*, 84; *Cox and Wife v. Bunker and Wife*, 1 *Morris (Iowa)* 269; *Rhoades v. Anderson and Wife (Pa.)* 13 *Atl.* 823; *Smith v. Silence*, 4 *Iowa*, 321, 66 *Am. Dec.* 137; *Wilson v. Beighler and Wife*, 4 *Iowa*, 427; *Truman and Wife v. Taylor and Wife*, 4 *Iowa*, 424; *Hosley v. Brooke and Wife*, 20 *Ill.* 116, 71 *Am. Dec.* 252;

*Kelley and Wife v. Dillon*, 5 *Ind.* 426; *Blickenstaff and Wife v. Perrin*, 27 *Ind.* 527; *Rodgers v. Lacey*, 23 *Ind.* 507; *Ranger and Wife v. Goodrich*, 17 *Wis.* 78; 79, 80; *Cleveland v. Detweiler and Wife*, 18 *Iowa*, 299; *Miller v. Parish*, 8 *Pick.* (*Mass.*) 385; *Richardson v. Roberts*, 23 *Ga.* 215; *Buscher v. Scully*, 107 *Ind.* 246, 5 *N. E.* 738, 8 *N. E.* 37.

If the defendant uttered the slanderous words designedly to prejudice or injure the plaintiff, that is what the law calls express malice, and if the defendant repeated these words on other occasions, this would be evidence of express malice and would warrant exemplary or vindictive damages. *Goslin v. Cannon*, 1 *Harr.* 3; *Parke v. Blackiston*, 3 *Harr.* 373; *Tatlow v. Jaquett*, 1 *Harr.* 333, 26 *Am. Dec.* 399.

Where no evidence is offered as to damages, the jury are in no way bound to give nominal damages only; they may give such substantial damages as will compensate the plaintiffs for such defamation. *Newell on Slander and Libel*, 647, 648, § 13.

If the defendant, Rebecca Kronemeier, called the plaintiff, Anna Marie Pleasanton, a whore, or if she said that the plaintiff was indulging in prostitution, or words to that effect, these words would constitute slander.

HEISEL, J., charging the jury:

The court have been requested by counsel for the defendants to instruct you to return a verdict in their favor in this case. The court is always reluctant to grant such requests, and do so only when satisfied that the law in the particular case requires it.

In this case the declaration contains two counts; the slanderous words alleged in the first count are: "She (meaning one of the plaintiffs) is a whore, she came out of a whorehouse (meaning thereby that the said plaintiff was a female who prostituted her body for hire, and was or had been an inmate of a house of prostitution and ill-fame, and was a prostitute and adulteress and had practiced fornication and adultery for hire)."

[1] There has been no evidence adduced in support of the second count, therefore that count could not be for your consideration; so that if plaintiffs can recover at all, they must recover

under the allegations of the first count and the evidence adduced to support it.

[2]   There is no allegation or proof of special damages, and plaintiffs rely upon the slanderous words alleged in the first count being actionable in themselves; that is, such words from which the law presumes malice, and implies the plaintiffs are injured and entitled to some damages. That is a question for our determination.

We have given it our best consideration in the short time we have had, and are of opinion such words are not actionable in themselves, for the reason that they do not charge a crime, or indictable offense, either at common law or under the statutes of this state; therefore there is neither presumption of malice nor presumption of injury, and there being no allegation or proof of special injury, there is nothing for your consideration under the first count of the declaration.

That is, the words alleged to have been uttered by one of the defendants, even if uttered, and if true, do not charge one of the plaintiffs with a crime; and therefore the plaintiffs, in order to recover even nominal damages, must show they have received some special injury, which can be measured in dollars and cents. This plaintiffs have been unable to do.

We feel constrained therefore to direct you to return a verdict for the defendants.

Verdict for defendants.