## MIRIAM HOLLENBACHER v. JAMES THOMAS BRYANT.
## FRANCIS GUINTER v. JAMES THOMAS BRYANT.

*(February* 11, 1943.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Joseph H. Flanzer* and *Morris Cohen* for the plaintiffs.

*William Prickett* for the defendant.

Superior Court for New Castle County, January Term, 1943.

LAYTON, Chief Justice:

The declarations in these actions are substantially the same and will be considered as one. All of the counts are challenged by the demurrers in respect of the sufficiency of the allegations of special damages. It is alleged that the plaintiffs had incurred expenses in their efforts to be cured of injuries sustained through the defendant's negligence, and the special damages are stated as follows: $500 for doctor's bills; $100 for X-rays; $100 for medicines and medical supplies; $50 for nursing expenses; and $2,000 lost as wages in employment as a school teacher.

The defendant's objection is that the allegations in respect of certain of the special damages are not sufficiently informative in that the names and places of residence of the physicians, X-ray specialists and nurses, and the place of employment as a school teacher are not stated. The plaintiff's general argument seems to be that it would be unfair to require precision in detail on their part while the defendant may avail himself of indefiniteness of the general issue. In particular they insist that the physicians are their witnesses; that the facts in their possession are matters of professional privilege not to be divulged except with their express sanction; and this being so they ask, How can knowledge of their names and residences be essential to the defendant? As to the place of employment as a school teacher they are content with saying that the information would be of doubtful value in any event.

Much of the argument is irrelevant and some of it founded on a misconception. The requirements of certainty and particularity in alleging special damages and pleading in defense by way of the general issue stood side by side at the common law. *Bullitt v. Delaware Bus Co.*, 7 *W. W. Harr.* (37 *Del.*) 62, 180 A. 519, in which the allega-

tions of special damages were not unlike the allegations here, was but a reaffirmation of the rule that, to prevent surprise and to enable the defendant to contest the charges if they were false or unreasonable, special damages must be alleged with such certainty and particularity as will afford fair notice and opportunity to meet them at the trial. A suit at law is a means whereby the truth of a justiciable matter may be discovered. Concealments and evasions resulting in surprise and as possible miscarriage of justice are not to be encouraged. In a figurative sense only can it be said that witnesses called by a party are his witnesses. The public has an interest. This is illustrated by the statute that requires a plaintiff suing to recover damages for personal injuries to submit to an examination by physicians appointed by the court. *Bowing v. Delaware Rayon Co.*, 8 *W. W. Harr.* (38 *Del.*) 111, 188 A. 769. Moreover, the plaintiff's argument fails for the reason that, at common law, communications between physician and patient were not privileged; and the rule that confidences given to a physician stand upon no better legal footing than others would probably be acknowledged as a common-law principle in every American court. 8 *Wigmore Ev.*, § 2380. What has been called "the defect in the common law rule" has been remedied by statute in many states; but we know of no statute of this State establishing such privilege. The only statute having relation to the matter is 6083, Sec. 13 of the Code, a provision of the Workmen's Compensation Law, which, unnecessarily perhaps denies such privilege. If charges made by physicians, specialists and nurses are sought to be recovered as special damages, a defendant is entitled to be told who they are, and where they may be found, if for no other purpose than to know that they exist and to learn something of their repute and standing in their professions. It will not be lightly supposed that professional secrets will voluntarily be revealed by them, nor that the defendant will attempt a breach of professional honor. For the same general reasons the defendant is entitled to know

the place of employment as a school teacher so that the reasonableness of this charge may be investigated. All this information the plaintiffs have in their possession and it is neither unfair nor burdensome to require them to meet the defendant's objections. The item of expense for medicines and medical supplies was passed by in the arguments, and it is assumed that the defendant has no particular objection to the sufficiency of this allegation. In other respects the demurrers are sustained.

The sufficiency of the fifth count is challenged on another ground. The count is based on 5632, Sec. 94 of the Revised Code, providing that the driver of an automobile shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the highway. It appears that the plaintiff's car, followed by the defendant's truck, was proceeding in a northerly direction on a dual highway, and that the plaintiff's car, while making a left turn from the north to the south lane of travel, was struck in the rear by the defendant's truck. The negligence alleged is that the defendant's tractor and trailer "followed the plaintiff's automobile more closely than was reasonable and prudent, having due regard to the speed of the plaintiff's automobile; that as a result the defendant's servant was unable to avoid colliding with the plaintiff's automobile when * * * it slowed down while turning left into the aforesaid intersection."

It is objected that the count is not sufficiently particular in its allegations as to the positions of the vehicles; and the argument is that the speed of the plaintiff's car and the interval between the two vehicles should have been alleged, failing which the allegation of an unreasonably short space between the two vehicles is no more than a conclusion. In *Lynam v. Hastings*, 7 *W. W. Harr.* (37 *Del.*) 450, 185 A. 91, cited by the defendant, the count under attack was substan-

tially in the language of 5621, Sec. 83 of the Code, providing that no person shall operate a motor vehicle recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, intersections, weather conditions, weight of vehicle and condition of its brakes, or so as to have caused a collision with the person or property of another, or to endanger the life or limb of another. It was held that this statute was not intended to be descriptive of specific acts of negligence; and that a charge of negligence in the words of the statute was not informative of the precise nature of the negligence which the defendant was called upon to meet at the trial.

The statute under consideration is directed to a particular act of negligence. The prohibition is against an imprudently close following of one vehicle by another. The language employed is descriptive of the offense, and, in itself, is reasonably informative. The speed of the vehicles and the interval between them were within the actual or imputed knowledge of the defendant. He is not left in any substantial doubt as to the precise nature of the negligence against which he must make defense. See *O'Brien v. Wilmington Provision Co.*, 4 *W. W. Harr.* (34 *Del.*) 214, 148 A. 294. The demurrer to the fifth count, in this respect, is overruled.