Ross E. STITT, Plaintiff, v. GEORGE T. LYON, JR., J. HERBERT TOBIN, GEORGE KLEAVER, WILLIAM McKELVEY, JR., JOSEPH R. KLECKNER, Defendants.

(*February* 25, 1954.)

HERRMANN, J., sitting.

*Thomas Herlihy, Jr.,* for the plaintiff.

*David F. Anderson* (of Berl, Potter and Anderson) for the defendants.

Superior Court for New. Castle County, No. 594, Civil Action, 1953.

HERRMANN, J.:

The complaint is based primarily upon the contents of a letter written to the plaintiff, a school teacher, by the defendants, one of whom was Superintendent of Schools and the others being members of the Board of Education having supervision of the school in which the plaintiff was employed. In the complaint, the plaintiff alleges damages as follows:

"By reason of the publication and circulation of the aforesaid letter and statements, the plaintiff has been greatly injured in his good name and reputation and his professional standing thereby affected, and has been unable to secure employment as a teacher for the school year beginning in September, 1953."

The defendants move to dismiss the complaint, under Civil Rule 12(b), *Del. C. Ann.*, on the ground that the complaint fails to state a claim upon which relief can be granted. The motion is founded upon the contention that the words used in the letter were not libelous *per se* and that, therefore, the plaintiff may not recover because the complaint does not contain a sufficiently specific allegation of special damage.

Assuming, without deciding, that libel *per se* is not shown by the complaint, I think that the plaintiff has adequately pleaded special damage under our Civil Rules.

The defendants rely upon *Snavely v. Booth*, 6 *W. W. Harr.* 378, 176 *A.* 649, 656, in which this Court considered an allegation that, by reason of a defamatory letter, the plaintiff was barred and prevented from obtaining similar employment elsewhere. The Court there held that this allegation of special damage was insufficient because special damage must be alleged "with such particularity as to inform precisely the defendant of

the case he is called upon to meet." The Court there indicated that the requisite particularity demanded an averment of specific instances of failure to obtain similar employment elsewhere by reason of the libelous publication. The *Snavely* case was followed in *McDonough v. A. S. Beck Shoe Corp.,* 1 *Terry* 318, 10 *A.* 2d 510, 514, upon which the defendants here also rely.

The *Snavely* case and the *McDonough* case were decided before 1948 when our present Civil Rules became effective. The rulings in those cases are in accord with the general rule of common-law pleading that, in order to prevent surprise at trial, special damage must be alleged with such certainty as to afford fair notice and opportunity to prepare for trial. Compare *Hollenbacher v. Bryant,* 3 *Terry* 242, 30 *A.* 2d 561.

■ Of course, the present Civil Rules of this Court have changed the function and purpose of pleading. The present Rules contemplate notice pleading rather than the fully informative common-law pleading which prevailed in this jurisdiction prior to 1948. By way of discovery, a defendant may now obtain a complete disclosure as to the plaintiff's cause of action. See *Klein v. Sunbeam Corp.,* 8 *Terry* 526, 94 *A.* 2d 385, 391.

■ Civil Rule 9(g) requires that items of special damage must be specifically stated. This Rule, like Rule 9(b) which requires particularity in alleging negligence and fraud, is not intended to demand the technical requirements of common-law pleading. Compare *Barni v. Kutner,* 6 *Terry* 550, 76 *A.* 2d 801, 807. The particularity required by Rule 9(g) is met when the defendant is put on notice as to the general nature of the special damage being asserted so that he may proceed to investigate the details of the claim by the discovery processes available to him.

If the defendants take full advantage of their rights under the discovery Rules, they will not be taken by surprise at trial and they will be afforded every opportunity to prepare to meet

the plaintiff's charge of special damage. Thus, the ultimate purpose of the common-law rule is fulfilled under our present Rules.

It is held that the *Snavely* and *McDonough* cases, having been decided under the rules of common-law pleading, are no longer authority for the pleading question here involved. It is held that, under the present Rules, the plaintiff's allegation of special damage is sufficiently specific.

Accordingly, the motion to dismiss will be denied.