Robert C. HOFFMAN, Plaintiff,

v.

Joseph WEIDER and the Body Builder Publications, Inc., Defendants.

Civ. A. No. 239-63.

United States District Court
D. New Jersey.

May 20, 1963.

Jacob Zimmerman, Newark, N. J., Lee C. Swartz, Harrisburg, Pa., of counsel, for plaintiff.

Milberg & Milberg, Jersey City, N. J., by Henry Milberg, Jersey City, N. J., for defendants.

WORTENDYKE, District Judge.

The two-count complaint in this action is filed against an individual who owns

stock control and is charged as agent of the corporate defendant, and against the corporation. The individual defendant is alleged to have been the editor-in-chief of "Mr. America Magazine" published by the corporate defendant.

The cause of action against each defendant sounds in tort for defamation. The published words complained of are set forth in Exhibit A annexed to the complaint.[1]

Jurisdiction is predicated upon diversity of citizenship.

The language of the alleged defamatory publication which appeared in the June 1962 issue of "Mr. America Magazine" purports to report what took place during the selection of the winner of a contest for the title "Mr. Chicago." Briefly, the report states that one of the contest judges, Chuck Renslow by name, had mentioned that all of the judges had agreed upon Dave Walters as the winner; and that the plaintiff, whose status and relationship, if any, in and to the contest and the judging is not disclosed, thereupon commented that Dave would not be his choice if he were a judge, because he lacked the degree of personality which the other contestants possessed, and also because he (Dave) had appeared in other magazines. The report continues to narrate that at this point Chuck threatened to disclose to the waiting audience that the rejection of Dave, if it should take place, was because he had appeared in a rival magazine. The article further states that the plaintiff thereupon dared Chuck to carry out his threat, and continues: "At this time it appeared to Chuck that Bob (referring to the plaintiff) was putting increased pressure on the judges." The statement reports that Chuck went out on the stage to make his threatened announcement, when he was deterred from so doing by the advice of another judge to the effect that "Hoffman has pulled in his horns * * * Dave's the winner!" The ar-

[1] "One of the world's finest physique photographers lives in Chicago and he tells us of a typical A.A.U. rhubarb in the selection of a contest winner for the title Mr. Chicago.

"Seems that Chuck Renslow, our photographer friend, was one of the judges at this event, along with a few other dedicated bodybuilders. The obvious winner of the title was aforementioned DAVE WALTERS * * * every judge had Dave so high in points that he was clearly deserving of the title.

"But as Chuck tells it: 'Just as we had tallied up our scores who should come in the room but BOB HOFFMAN. He asked to look at the score sheets. Seeing that Dave had every judge voting for him, Hoffman raised his eyebrows and coldly asked: "Surely you're not going to let this man win?"

" ' "Why not?" asked Mr. Renslow.

" ' "Well * * * uh * * * he just wouldn't be my choice if I were a judge."

" ' "Mr. Hoffman * * * are you trying to influence the decision of the judges?" asked Chuck.

" ' "Why no * * * no * * * of course not. It's just that this fellow doesn't have much personality like the others."

" ' "Okay, strike off 1 point for personality," Chuck instructed the judges.

"Now that still leaves Dave well ahead." '

"Chuck says that Hoffman then took a small black book from his pocket and began leafing through it. 'And another reason why we shouldn't let this guy win * * * he's appeared in other magazines.'

"At this point Chuck says that the other judges began to look rather puzzled, at which time Chuck blazed out at Hoffman, saying, 'If there is one point taken from this man's score that would result in his losing the title merely because Hoffman says that he has appeared in a rival magazine I shall go out on stage and tell the audience the exact truth of what has happened!'

" ' 'You wouldn't dare!' Chuck says this remark was the last straw. At this time it appeared to Chuck that Bob was putting increased pressure on the judges and to avoid any shenanigans Chuck strode to the stage and said: 'Ladies and gentlemen * * * there seems to be a discrepancy in the tallies of the judges' score cards.' He got no further, for one of the judges rushed out on stage and pulled at Chuck's arm. 'It's okay * * * it's okay * * * Hoffman has pulled in his horns * * * Dave's the winner!'

"And isn't that a helluva way to run an 'honest' physique contest? O tempora * * * o mores!"

ticle concludes with the obviously ironical rhetorical question: "And isn't that a helluva way to run an 'honest' physique contest! o· tempora * * * o mores!"

The defendants have moved to strike the complaint for failure to set forth a cause of action upon which relief can be granted. In support of the motion, it is contended that (1) the words complained of are not libelous per se, and so in the absence of any claim for special damages, the complaint is defective; and (2) the published language is privileged.

■ Motions such as that here under consideration are authorized by the provisions of F.R.Civ.P. 12(b) (6). Although this subdivision of the Rule contemplates that matters outside the pleading may be presented to and not excluded by the Court, in which event the motion shall be treated as one for summary judgment under Rule 56, no affidavit has been submitted in behalf of any party in connection with the motion, which, accordingly, performs the same function as the common law general demurrer, and is an appropriate method of testing the legal sufficiency of the complaint. Upon such a motion the complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the pleaded claims. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580.

■ A charge against one who publishes a libel is actionable per se, i. e., without an accompanying allegation that any special harm resulted therefrom. To establish "libel" one must merely prove that defamatory matter has been published by either written or printed words, as opposed to slander, which is publication by other means, such as gestures or spoken words. Restatement, Torts, § 568 (1938). The pending motion poses the question whether the published language of which complaint is made constitutes defamatory matter. Obviously, if the reputation of the plaintiff is such that the language complained of tends to lower him in the estimation of his community, it may be defamatory. Similarly, defamation may consist of language which deters persons from associating or dealing with the one allegedly defamed. Id. § 559.

■ As the Court said in Leers v. Green, 1957, 24 N.J. 239, 131 A.2d 781, 787:

"No man may disparage the reputation of another, that is to say, the esteem in which he is held. Every man has a right to his good name, unimpaired; and false defamatory words, written and published, injurious to the reputation of another or exposing him to hatred, contempt or ridicule or subjecting him to a loss of the good will and confidence entertained towards him by others, constitutes a libel, actionable per se without proof of any consequential special damage where the imputation of the words on their face is such as to raise the presumption of damage in the natural course, as a matter of law."

The complaint in this action alleges that the defendants maliciously caused to be published the aforementioned matter; that such matter is untrue; and that plaintiff has been damaged to the extent of a million dollars thereby.

■ Comment "e" under §·559 of the Restatement, supra, states as follows:

"*Standard by which defamation is determined.* A communication to be defamatory need not tend to prejudice the other in the eyes of everyone in the community or of all of his associates nor even in the eyes of a majority of them. It is enough that the communication tend to prejudice him in the eyes of a substantial and respectable minority of them and that it be made to them or in a manner which makes it proper to assume that it will reach them."

Thus, a finding of defamation may be a matter of proof, unless the Court can rule as a matter of law that the language complained of is incapable of having the

**176**

disparaging effect for which the plaintiff contends. Under the facts in the present case, I cannot make such a finding at this time.

 The second count alleged by defendants in support of their motion is that the publication was absolutely privileged. I do not agree, and find that the greatest privilege to which they may be entitled is conditional. Whether it is qualified is a matter of fact to be determined upon the trial. A conditional or qualified privilege may not be asserted as a ground for dismissal of a complaint sounding in libel. MacDonough v. A. S. Beck Shoe Corp., Del.Sup.1939, 1 Terry 318, 10 A.2d 510; Walker v. D'Alesandro, 1957, 212 Md. 163, 129 A.2d 148, 64 A.L.R.2d 231.

The motion to dismiss the complaint upon the grounds urged by the movants is denied. An appropriate order may be submitted.