# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOSEPH BALENTINE,               )
                                )
            Plaintiff,          )
        v.                      )
                                )
DAVID HOUTZ and                 )        C.A. No. N22C-11-236 CLS
KRYSTA HAYLE,                   )
                                )
            Defendants.         )
                                )
                                )
                                )

Date Submitted: October 22, 2025
Date Decided: January 30, 2026

*Upon Consideration of the Defendant's Motion in Limine.* **DENIED.**

## <u>MEMORANDUM OPINION</u>

Michael R. Ippoliti, Esquire for IPPOLITI LAW GROUP, *Attorney for Plaintiff*.

Karen M. Volker, Esquire for HECKLER & FRABIZZIO, P.A., *Attorney for Defendants*.

**SCOTT, J**

Before the Court is the defendants' motion in limine to preclude the plaintiff from introducing special damages at trial. The defendants ask the Court to exclude special damages because the plaintiff failed to plead special damages consistent with Superior Court Civil Rule 9(g). The defendants further contend that the cost of surgery as pled is too speculative to be introduced to the jury. For the foregoing reasons, the defendants motion is **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from a car accident that occurred on December 1, 2020. Jospeh Balentine ("Plaintiff") filed a complaint on November 29, 2022, alleging that Defendants David Houtz and Krysta Hale (collectively, "Defendants") negligently caused Plaintiff injuries as a result of a rear-end motor vehicle collision.[1] Plaintiff pled special damages in the complaint.[2] On December 16, 2022, Defendants issued a Superior Court Civil Rule 9(g) demand requesting a statement of boardable expenses constituting Plaintiff's special damages.[3] Plaintiff did not respond to Defendant's Rule 9(g) demand.

On July 8, 2025, Defendants filed the instant Motion in Limine to preclude Plaintiff from introducing special damages at trial, arguing that: (1) the damages are not pled with specificity, and (2) Plaintiff did not respond to Defendants' Rule 9(g)

---

[1] *See generally* Complaint, D.I. 1 ("Compl.").
[2] *Id.* at 8.
[3] *See* Defs.' Request Under Rule 9(g), D.I. 8.

demand.[4]  Plaintiff counters that the Complaint puts Defendants on notice as to the general nature of the special damages because it alleges that Plaintiff suffered injuries, incurred medical expenses, and lost wages.[5]  Plaintiff also claims that he responded to Defendants' Rule 9(g) demand on May 31, 2023.[6]

The Court held oral argument on October 9, 2025.  Given that Plaintiff never responded to Defendants' Rule 9(g) demand, the Court gave Plaintiff 10 business days to provide a list of special damages and granted Defendants leave to respond to Plaintiff's filing.[7]

On October 20, 2025, Plaintiff filed a list of the special damages being claimed under Rule 9(g), identifying the following expenses for the damages claimed:  (1) $3,483.30 in medical expenses for treatment provided by First State Orthopedics, Total Care Physicians, and CVS Pharmacy;  (2) $2,600.00 in lost wages;  and (3) $98,000.00 in future costs for surgery to correct the injury to Plaintiff's spine.[8]  In response, Defendants argue that the future cost for cervical

---

[4] Defs.' Mot. in Limine, ¶¶ 3–4, D.I. 49.  The only issue reserved for trial is proximate cause and damages as the Court granted Plaintiff's motion for summary judgment, finding that Defendants were negligent.  *See generally* Order Granting Pl.'s Mot. for Summ. J., D.I. 43.

[5] Pl.'s Resp. to Defs.' Mot. in Limine, ¶¶ 5–7, D.I. 51;  *see also* Compl. ¶¶ 12–13, 23.

[6] Pl.'s Resp. to Defs.' Mot. in Limine, ¶ 12, Ex. B.

[7] October 9, 2025 Judicial Action Form, D.I. 52.

[8] Pl.'s Resp. to Defs.' Request for the Identification of all Boardable Expenses Pursuant to Superior Court Civil Rule 9(g), D.I. 53.

spine surgery is speculative because Plaintiff does not intend to undergo surgery and should therefore be excluded.[9]

## DISCUSSION

### I. Evidence of Plaintiff's special damages is admissible.

Under Superior Court Civil Rule 9(g), special damages must be pled with particularity. Generally, "[t]he particularity required by Rule 9(g) is met when the defendant is put on notice as to the general nature of the special damage being asserted so that he may proceed to investigate the details of the claim by the discovery processes available to him."[10] The purpose of the particularity requirement is to give defendants the opportunity to "take full advantage of their rights under the discovery [r]ules, [so] they will not be taken by surprise at trial and . . . afforded every opportunity to prepare to meet the plaintiff's charge of special damage."[11] Further, "[u]pon service of a written request by another party, the party serving such pleading shall, within 10 days after service thereof, serve on the requesting party a written statement of the amount of damages claimed[.]"[12]

---

[9] Defs.' Resp. to Claim for Speculative Damages, ¶ 20, D.I. 55.
[10] *Eagle I Enterprise v. Bricker*, 1985 WL 189280, at *2 (Del. Super. Sept. 24, 1985) (quoting *Stitt v. Lyon*, 103 A.2d 332, 333 (Del. 1954)) (internal quotation marks omitted).
[11] *Stitt*, 103 A.2d at 333–34.
[12] Super. Ct. Civ. R. 9(g).

**A. Dismissal of Plaintiff's claim for special damages is not warranted without the issue being heard on the merits.**

There is no legitimate dispute that Plaintiff failed to file a timely response to Defendants' Rule 9(g) demand. Accordingly, the Court must decide whether dismissal of Plaintiff's special damages claim is appropriate without the issue being heard on the merits.

As a preliminary matter, the Court treats Plaintiff's untimely response to Defendants' Rule 9(g) demand as a discovery violation. Because the purpose of Rule 9(g) is to give defendants notice as to the general nature of the damage so that defendants have the opportunity to engage in discovery before trial, it follows that a Rule 9(g) demand serves as a tool to assist defendants in doing so. Consequently, given that Plaintiff took almost three years to provide a list of the expenses related to the special damages asserted instead of answering within 10 days of Defendants' Rule 9(g) demand, the Court must determine whether dismissal of Plaintiff's claim for special damages is warranted here.

For guidance, the Court looks to a line of cases from the Delaware Supreme Court addressing the appropriate considerations to make when discovery violations risk dismissal of an entire case or issue without being heard on the merits.[13] In

---

[13] *See Drejka v. Hitchens Tire Serv. Inc.*, 15 A.3d 1221 (Del. 2010) (concluding that dismissal was not appropriate despite the party's failing to abide by a scheduling order or seek modification of such); *Christian v. Counseling Res. Assocs., Inc.*, 60 A.3d 1083 (Del. 2013) (finding that precluding expert witness testimony was unwarranted where opposing counsel for the moving party informally resolved discovery issues for five months before notifying the court five weeks

*Drejka v. Hitchens Tire Service Inc.*, the Delaware Supreme Court clarified that while trial courts have discretion to choose an appropriate sanction for a discovery violation, the sanction of dismissal should only be ordered "as a last resort."[14] The *Drejka* Court instructs trial courts to balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[15]

Given that attorneys in Delaware generally work to resolve discovery issues without court involvement, *Christian v. Counseling Resource Associates, Inc.* further refined the factors identified in *Drejka* by adding "practice guidelines that . . . afford greater predictability to litigants and the trial courts."[16] The practice guidelines give litigants two options: (1) resolve the matter informally, or (2) promptly notify the court, allowing the court "to resolve the problem in a timely fashion" when necessary.[17] If a party chooses to resolve the matter informally, "that

---

before trial); *Hill v. DuShuttle*, 58 A.3d 403 (Del. 2013) (finding that personally sanctioning a litigant's counsel for ignoring court orders was more appropriate than dismissing the entire case where the party was not responsible); *Adams v. Aidoo*, 58 A.3d 410 (Del. 2013) (concluding that dismissal of an entire case was warranted for discovery violations that resulted from the litigant's own actions).

[14] *Drejka*, 15 A.3d at 1224 (quoting *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008)) (internal quotation marks omitted).

[15] *Drejka*, 15 A.3d at 1224 (quoting *Minna v. Energy Coal S.p.A.*, 984 A.2d 1210, 1215 (Del. 2009)) (internal quotation marks omitted).

[16] 60 A.3d at 1087.

[17] *Id.* at 1088.

party will be deemed to have waived the right to contest any late filings by opposing counsel from that time forward."[18] Therefore, "the party prejudiced by the delay accepts that risk by failing to promptly alert the trial court when the first discovery deadline passes."[19]

Applying this standard, the Court finds that preclusion of special damages is not warranted here. Nothing in the record shows that Plaintiff was responsible for his attorney's failure to timely respond to the Rule 9(g) demand. Although Defendants claim the failure to respond was prejudicial, they have been aware of all Plaintiff's expenses and any related information sufficient to give them an opportunity to defend against the expenses for the special damages claimed since they received the Plaintiff's mediation statement on February 22, 2024.[20] Moreover, Plaintiff filed the list of expenses for the special damages with the Court six months before trial.[21] Both parties have a history of dilatoriness as the scheduling order has been amended five times over the course of almost three years. There is no evidence Plaintiff's attorney was acting in bad faith. Additionally, nothing indicates that sanctions would not be effective. Finally, on this record, Plaintiff's claim for special damages has merit.

---

[18] *Id.*

[19] *Id.*

[20] Pl.'s Resp. to Defs.' Mot. in Limine, Ex. A.

[21] *See* Amended Trial Scheduling Order, D.I. 58.

The Court also notes that the Defendants filed a Motion to Compel the list of special damages on April 10, 2023.[22] Defendants later filed a Rule to Show Cause on July 6, 2023 for certain documents, which the Court granted on July 17, 2023.[23] The Court was not otherwise notified that the discovery provided by Plaintiff was deficient under Rule 9(g) until July 8, 2025, when Defendants filed this Motion in Limine.

In sum, based on the *Drejka* factors, the *Christian* practice guidelines, and the record, the Court finds that sanctions are appropriate to balance Plaintiff's Rule 9(g) violation and Defendants' failure to promptly alert the trial court of the Rule 9(g) demand response deficiencies following the Rule to Show Cause. Thus, Plaintiff may introduce evidence of special damages at trial, but Plaintiff's counsel is required to pay the attorney's fees and costs for the Motion in Limine filed by Defendants.

## B. Plaintiff pled special damages with particularity.

Defendants argue that "[s]pecial damages have not been pled specifically[,] thereby impeding Defendants' ability to prepare an appropriate defense."[24] Plaintiff contends that both the Complaint and the record provide Defendants with general

---

[22] Defs.' Mot. to Compel, D.I. 11;  Order Granting Defs.' Mot. to Compel, D.I. 12.

[23] Defs.' Rule to Show Cause, D.I. 22;  Order Granting Defs.' Rule to Show Cause, D.I. 23.

[24] Defs.' Mot. in Limine ¶ 18.

notice of the special damages asserted sufficient to meet the particularity requirement of Rule 9(g).[25] The Court agrees with Plaintiff.

First, the Complaint alleges that the grounds for Plaintiff's special damages claim resulted from an injury to his cervical spine from the motor vehicle accident.[26] The Complaint goes on to allege that Plaintiff's "treating physician advises he will require surgery to treat his cervical spine injury[,]" and that he "incurred lost wages and . . . significant out-of-pocket expenses for medical treatment and care."[27] Plaintiff clearly asserted the grounds and nature of the special damages being claimed, giving Defendants the opportunity to take advantage of the discovery rules to prepare a defense. The record does not otherwise support a finding that Defendants have not been aware of the special damages pled. Thus, the Court rejects Defendants' argument.

## II. The cost of surgery is not merely speculative or conjectural.

Lastly, Defendants aver that the Court should find the future costs of surgery for Plaintiff's injury to his cervical spine inadmissible as speculative because Plaintiff does not plan to undergo the surgery.[28] Under Delaware law, damages cannot be recovered if "merely speculative or conjectural."[29] The burden is on the

---

[25] Pl.'s Resp. to Defs.' Mot. in Limine ¶¶ 5–10.
[26] Compl. ¶ 14.
[27] Compl. ¶¶ 13, 16, 18.
[28] Defs.' Resp. to Claim for Speculative Damages, ¶ 20.
[29] *Henne v. Balick*, 148 A.2d 394, 396 (Del. 1958) (internal citation omitted).

plaintiff to show "some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determination of the extent of this loss."[30]  But "uncertainty as to plaintiff's damage or the fact that the damage is very difficult to measure will not preclude a jury from determining its value."[31]

Defendants do not argue that the estimated cost of the surgery is merely speculative or conjectural.  Instead, Defendants ask the Court to decide from the record that Plaintiff should be precluded from introducing the cost of cervical spine surgery because Plaintiff has "major concerns" about having surgery.[32]  On this basis alone, the Court will not exclude the cost of surgery.  Ultimately, the circumstances surrounding Plaintiff's decision to undergo surgery does not make the actual measure of damages—the cost of the surgery—speculative.

## CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.

---

[30] *Id.*
[31] *Id.*
[32] Defs.' Resp. to Claim for Speculative Damages, ¶ 14, Ex. B.